UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

MONTRAY GROSS,

    Plaintiff,

v.

R. JONES, *et al.*,

    Defendants.

Civil Action No. 6:11-00338-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Montray Gross, confined in the United States Penitentiary-McCreary, ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* Complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1].[1]

As Gross has been granted *in forma pauperis* status and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.

---

[1] The named defendants are (1) "R." Jones, Health Service Administrator, USP-McCreary; (2) Dr. Lynch, "Dental Health Service," USP-McCreary, and (3) Richard B. Ives, Warden, USP-McCreary.

*Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

For the reasons set forth below, Gross's constitutional claims will be dismissed without prejudice for obvious lack of administrative exhaustion.

## ALLEGATIONS OF THE COMPLAINT

Gross alleges that to alleviate pain caused by an abscess in his mouth, the USP-McCreary medical staff extracted a tooth; that despite the extraction, he still suffers from the abscess; and that the defendants have denied him the medical and dental care needed to treat the abscess. That claim falls under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

Gross states that on November 10, 2011, he filed a grievance seeking an informal resolution of his dental/medical claims, but that the result was ". . . a complete runaround by medical." [D. E. No. 1, p. 5]. Gross attached to his Complaint a series of requests for informal resolutions he submitted to USP-McCreary staff between July 19, 2011, and October 20, 2011, in which he requested dental treatment, teeth cleaning, copies of his dental records and X-rays, and explanations about his tooth extraction and related dental treatment. *See* "Inmate Requests to Staff," [D. E. No. 1-3, pp. 1-7].

Gross further claims that the defendants denied him due process of law. That claim falls under the Fifth Amendment of the United States Constitution, which

guarantees due process of law. Other than alleging that he received the "runaround" as to his medical claims, he neither alleged specific facts nor attached documentation substantiating that claim. Gross seeks $1 million in damages to compensate him for his alleged pain and suffering and the denial of his due process rights.

## DISCUSSION

Gross' Fifth and Eight Amendment claims must be dismissed without prejudice because it is obvious from the face of his Complaint that he failed to fully exhaust those claims prior to filing this action on December 12, 2011.

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before filing suit challenging any aspect of their prison conditions. The four-tiered administrative remedy scheme available to BOP inmates complaining about any aspect of their confinement is set out in the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19.[2]

---

[2]

The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and

The Supreme Court of the United States has twice held that the statute means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90.

It is obvious from the Complaint that Gross failed to properly exhausted either his unspecified Fifth Amendment claims or his Eighth Amendment medical claims against "R." Jones, Dr. Lynch, and Warden Ives. Gross stated that in mid-November 2011 he submitted a BP-8 request seeking an informal resolution of his dental claims, but he filed this action on December 12, 2011, only one month later. His Complaint and attached documentation reveal that he did not take, and could not have taken, any additional exhaustion efforts beyond seeking an informal resolution from the prison staff. In other words, Gross short-circuited the BOP's exhaustion process by filing this lawsuit on December 12, 2011.

---

General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

Because Gross did not receive the relief he sought at the preliminary informal resolution stage, he appears to be arguing that he should be relieved of the obligation of pursuing the additional three steps of the BOP administrative remedy process. But under the PLRA, exhaustion is required even if the prisoner subjectively believes that the administrative remedy procedure is ineffectual or futile. *Pack v. Martin*, 174 F. App'x. 256, 262 (6th Cir. 2006). Therefore, Gross will not be allowed to by-pass the remaining three steps of the BOP administrative process with respect to his Fifth and Eighth Amendment claims against the defendants.[3]

When the affirmative defense of failure to exhaust appears on the face of a complaint, a district court can dismiss the complaint *sua sponte* on the ground that it fails to state a claim. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that a case under the PLRA can be dismissed *sua sponte* for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies).

This Court, and other district courts in this circuit, have held that in light of

---

[3]
Further, 28 C.F.R. § 542.18, states that " . . . If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing." [*Id.*]. Gross has not alleged that he notified Warden Ives that his request for medical treatment was of an emergency nature.

*Jones*, *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010]; *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

Accordingly, Gross's Fifth and Eighth Amendment claims against Warden Ives, "R." Jones, and Dr. Lynch will be dismissed without prejudice to Gross' filing another *Bivens* action after he has fully completed the administrative remedy process concerning both his Fifth Amendment due process claims and his Eighth Amendment medical/dental claims.[4]

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)     Plaintiff Montray Gross's Fifth Amendment due process claims, and his Eighth Amendment medical claims, against (a) Richard B. Ives, Warden of USP-

---

[4] If, after fully exhausting the claims he asserted in this action, Gross files a future *Bivens* civil rights action, he *may* qualify for a waiver of the $350.00 filing fee, but only if he asserts the same claims he raised in this action. *See Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). The *Owens* fee-waiver will not apply if Gross expands the scope of his claims and asserts unrelated civil rights claims.

McCreary; (b) "R." Jones, Health Services Administrator of USP-McCreary; and (c) Dr. Lynch, doctor at USP-McCreary, are **DISMISSED WITHOUT PREJUDICE** for obvious failure to exhaust;

(2) If Gross intends to file another federal civil rights action asserting Fifth and/or Eighth Amendment claims, or any other conditions of his confinement, he must fully exhaust such claims through the BOP's administrative remedy procedures and either pay the $350.00 filing fee or seek permission to proceed *in forma pauperis*;

(3) This action is **DISMISSED** from the docket of the Court; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 17th day of January, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge